IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kemonie Lashawn Jones, | ) | Case No.: 2:24-cv-0512-JD-MGB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND OPINION |
| K. Nelson, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Mary Gordon Baker (DE 36), made under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning Respondent K. Nelson, Warden's ("Warden Nelson" or "Respondent"), Motion for Summary Judgment (DE 26) seeking to dismiss Petitioner Kemonie Lashawn Jones's ("Petitioner" or "Jones") Section 2254 petition for habeas corpus.[1]

## I.   BACKGROUND

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### A. Procedural History

In August 2013, a Marion County Grand Jury indicted Petitioner for murder and possession of marijuana with intent to distribute. (DE 25-1 at 211–14.) Petitioner was tried before the Honorable Donald B. Hocker in February 2015. (DE 25-1; DE 25-2 at 1–107.) Petitioner was represented by Henry Anderson, Jr., and Scott Floyd as his trial counsel. (DE 25-1; DE 25-2 at 1–107.)

Petitioner testified in his defense. (DE 25-2 at 16–43.) Petitioner admitted that he was near the crime scene selling marijuana and that he ran away when he saw a police officer coming down the road because he was on probation. (*Id.*) Petitioner added that the .40 shell casing was in his pocket because he found it on the ground the night before and picked it up. (*Id.*) Petitioner also admitted to knowing Mr. Oliver and to speaking with him at the detention center; however, Petitioner testified that he did not tell Mr. Oliver "what he said I told him," and denied admitting to the victim's murder (*Id.*)[2] Ultimately, the jury found Petitioner guilty on both counts. (DE 25-2 at 88–12.) Petitioner was sentenced to forty-five years' imprisonment for murder and five years' imprisonment for possession with intent to distribute marijuana. (*Id.* at 105–06.)

---

[2] Don Oliver, a jailhouse informant and prior acquaintance of Petitioner, also testified. (DE 25-1 at 447–69.) According to Mr. Oliver, he was in the Marion County jail on the same day Petitioner was booked for his offenses. (*Id.*) While there, Petitioner approached him and asked if people were "saying anything messed up about his name." (*Id.*) Mr. Oliver responded that people were saying he killed "the white dude" after trying to rob him. (*Id.*) Mr. Oliver testified that Petitioner then confessed to murdering the victim, and told him that he used a .380 handgun, that he had given the gun to friends and wanted to deliver it to his uncle and that he "shot the whole clip" while trying to rob the victim because the victim "swung an axe at him and almost hit him in his neck." (*Id.*) Mr. Oliver added that Petitioner knew that the victim had recently cashed his income tax check or had just won the lottery. (*Id.*)

After Petitioner's conviction and sentencing, he filed a timely notice of appeal before the South Carolina Court of Appeals, which was denied on January 11, 2017. (*Id.* at 108–125.) The remittitur was issued on January 27, 2017. (*Id.* at 125.) Petitioner then applied for post-conviction relief ("PCR") on August 21, 2017. (*Id.* at 126–41.) On April 2, 2018, Petitioner, represented by Jonathan Waller as his PCR counsel, appeared before the Honorable George M. McFaddin for a PCR hearing. (*Id.* at 152–95.) At the hearing, Petitioner testified on his behalf. (*Id.*) Petitioner's trial counsel, Mr. Anderson and Mr. Floyd, also testified. (*Id.*)

On March 25, 2019, the PCR Court issued a fifteen-page order dismissing Petitioner's PCR application. (*Id.* at 197–210.) The order was filed on March 27, 2018. (*Id.*) Petitioner appealed. (DE 25-3.) Petitioner's appellate counsel then filed a Petition for Writ of Certiorari under *Johnson v. State*, 294 S.C. 310 (1988), before the South Carolina Supreme Court, along with a petition to be relieved as counsel. (DE 25-4.) The Petition for Writ of Certiorari was transferred to the South Carolina Court of Appeals under Rule 243 of the South Carolina Appellate Court Rules. (DE 25-5.) The South Carolina Court of Appeals denied the Petition for Writ of Certiorari on August 18, 2023. (DE 25-6.) The remittitur was filed on September 13, 2023. (DE 25-7.)

**B. Habeas Petition**

Petitioner then filed the instant pro se habeas Petition on January 31, 2024. (DE 1.) In his Petition, Petitioner raises these grounds for relief:

3

| | |
|---|---|
| Ground One: | The Court Abused its Discretion |
| Supporting Facts: | By refusing the defendant's request to charge mere presence when the defendant[']s testimony indicated he was actually inno[cent] and only near the place where the crime occurred. |
| Ground Two: | Prosecutor misconduct |
| Supporting Facts: | The solicitor manifested a total disregard for the law when the solicitor indicted me outside the scope of statutory law when evidence show[ed] that the Grand Jury did not indict me during the August 2013 term. Thus, issues of subject matter jurisdiction can be raised at any time even for the first time in this Court. |
| Ground Three: | Trial counsel was ineffective for failing to object[] |
| Supporting Facts: | To the trial court's erroneous jury charge on malice pursuant to State v. Belcher[.] |
| Ground Four: | Ineffective assistance of counsel [] . . . . |
| Supporting Facts: | [Counsel was ineffective for] failing to prepare, failing to object, failing to hire experts to prepare the defense, [and] failing to conduct a proper pretrial investigation. |

(DE 1 at 11-1.)[3]

After receiving extensions of time to respond, Respondent filed a Return and Motion for Summary Judgment on June 12, 2024. (DE 26.) Respondent argues that summary judgment is appropriate because (1) Ground One is not a cognizable claim

---

[3] According to the Report, on February 5, 2024, after filing the instant Petition in this Court, Petitioner filed a second PCR application in which he claims that his PCR counsel failed to appeal the PCR Court's Order of Dismissal. (DE 25-8.) Petitioner has not requested a stay of this action to pursue his second attempt at PCR. But Petitioner did appeal the PCR Court's Order of Dismissal. (DE 25-3.)

4

for federal habeas relief; (2) Grounds Two and Four are procedurally defaulted; and (3) Ground Three fails on the merits. (*See generally* DE 25.)

On September 5, 2024, Petitioner filed a response in opposition to Respondent's motion. (DE 32.) Respondent declined to reply to Petitioner's response by the September 12 deadline. (*Id*.) Petitioner then filed two additional responses to Respondent's motion. (DE 33, 34.)

## II.     REPORT AND RECOMMENDATION

The Report was issued on January 28, 2025, recommending that this Court grant Respondent's Motion for Summary Judgment (DE 26) dismissing this case with prejudice. (DE 36 at 22.) The Report notes that the Petitioner petitioned after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and so a review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320, 322–23 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather,

5

that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000).

On summary judgment, Respondent asserts, among other things, that Grounds Two and Four are procedurally defaulted because Petitioner did not raise Ground Two in state court. As for Ground Four, the PCR court "denied and dismissed the allegations with prejudice[]" (DE 25 at 19-20), and it was not raised in Petitioner's PCR appeal (*id.* at 20). That said, the Report found that "the record confirms that Petitioner did not raise prosecutorial misconduct as a ground for relief in any state court proceeding, and that Petitioner did not raise Ground Four in his PCR appeal." (DE 36 at 11.) The Report also found that Petitioner has failed to demonstrate that his procedural default of Grounds Two and Four should be excused. (*Id.* at 12.)

As for Ground One, Respondent argues that this claim is not cognizable in the instant federal habeas action because Petitioner does not allege a violation of federal law. (DE 25 at 14.) The Report found that

> Petitioner does not allege, let alone establish, that any jury instruction was so erroneous such that it "infected" his entire trial and rendered his conviction invalid. In fact, Petitioner does not articulate which aspect(s) of the jury instructions were erroneous, nor does he explain how any such error prejudiced him or impacted the jury's verdict. Thus, to the extent Petitioner claims that the trial court erred in instructing the jury on state law matters, such claim is not within the purview of this Court.

(DE 36 at 13) (internal citations omitted.)

As for Ground Three, the Report found, among other things, that Petitioner's ineffective assistance of counsel claim lacks merit. (*See generally* DE 36 at 18-20.) The Report also recommends this Court decline to issue a certificate of appealability. (DE 36 at 22.)

6

Petitioner did not object to the Report.[4] In the absence of objections to the Report and Recommendation, this Court need not give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### III.  CONCLUSION

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 36) and incorporates it here by reference.

It is, therefore, **ORDERED** that Petitioner's motion for an extension of time to file an objection (DE 44) is denied. Respondent's motion for summary judgment

---

[4]  Petitioner's objection was due on February 11, 2025. At any rate, Petitioner moved for an extension (DE 38) on February 18, 2025, and again (DE 39) on February 24, 2025. In both motions, Petitioner did not explain his reasons for an extension beyond saying his mail is slow or that he lacks access to the law library. That said, on February 25, 2025, the Court granted Petitioner an extension to object by March 7, 2025. (DE 40.) On March 19, 2025, Petition again moved for an extension to object to the Report saying his mail is slow and he has "been denied the right to access the law library to timely and properly fight [his] case." (DE 44.) Rule 6 says the court may, for good cause, extend the time:

> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Rule 6(b)(1), Fed. R. Civ. P. Petitioner's motion does not explain why he was denied access to the law library to show good cause for an extension. The motion also fails to say when Petitioner discovered his objection was due or what steps he took after he realized the deadline had passed. This information is necessary for the Court to assess whether the Petitioner's failure to act before the deadline constitutes excusable neglect. *See Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996) ("Excusable neglect is not easily demonstrated, nor was it intended to be."). Accordingly, without more information, Petitioner's motion for an extension (DE 44) is denied.

7

(DE 26) is granted, and Petitioner's section 2254 petition for habeas corpus is dismissed.

Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Florence, South Carolina
March 24, 2025

Joseph Dawson, III
United States District Judge

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.